FILED
CLERK, U.S. DISTRICT COURT
8/13/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: AH DEPUTY

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
KALI M. YALLOURAKIS (Cal. Bar No. Pending)
Assistant United States Attorney
Major Crimes Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2426
Facsimile: (213) 894-0141
Email: kali.yallourakis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WEIQUAN WENG,<br>aka "Jacky Liu,"<br><br>Defendant. | No. 2:26-cr-00524-MCS<br><br><u>PLEA AGREEMENT FOR DEFENDANT WEIQUAN WENG</u> |

1. This constitutes the plea agreement between WEIQUAN WENG ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with bribery of a federal public official in violation of 18 U.S.C. § 201(b)(1).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

h. Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i. Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all

of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 312 North Spring Street, 11th Floor, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

l. Defendant understands that the government obtained additional material in this investigation that defendant has not been shown. In exchange for the government's obligations under this agreement, defendant gives up any right he may have had to review the additional material, regardless of whether it is arguably exculpatory or inculpatory, and further agrees to waive any argument that the withholding of this material caused defendant's plea to be not knowing or involuntary. The government agrees not to use at sentencing any of the withheld material without providing it to defendant.

m. At or before the time of sentencing, make a prejudgment payment by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $525,000 to be applied to satisfy defendant's anticipated criminal debt. Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d. Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. §§ 1028A, 1029, 1343, and 1344 arising out of defendant's conduct described in the agreed-upon factual basis set forth in paragraph 12 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in the information, that is, bribery of a federal

public official in violation of 18 U.S.C. § 201(b)(1), the following must be true: (1) the defendant gave, offered, and promised something of value, namely, money, to a United States Postal Inspection Service ("USPIS") employee; (2) the defendant acted corruptly, that is, with the intent to influence an official act by the USPIS employee, influence the USPIS employee to commit or allow a fraud on the United States, and induce the USPIS employee to do or to omit to do an act in violation of his lawful duty; and (3) the USPIS employee was a federal public official.

PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 201(b)(1), is: fifteen years imprisonment; a five-year period of supervised release; a fine of $250,000 or not more than three times the monetary equivalent of the thing of value, whichever is greater, and a mandatory special assessment of $100.

6. Defendant agrees to make full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any charges not prosecuted pursuant to this agreement as well

as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges. The parties currently believe that the applicable amount of restitution is $26,469,953.28 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant’s guilty plea.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about November 14, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant did,

directly and indirectly, corruptly give, offer, and promise a thing of value, namely, $35,000, to USPIS Employee B, a federal public official, with intent to influence an official act, influence a public official to commit and aid in committing and to collude in, and allow, and to make opportunity for the commission of a fraud on the United States, and to induce a public official to do an act and omit to do an act in violation of official duty, that is, the act of inducting pallets affixed with counterfeit postage into the United States mail stream, in violation of the official's duties, and in doing so committing a fraud on the United States by depriving the United States proper payment that would have resulted from the purchase of legitimate postage.

Specifically, defendant owned and operated businesses, including Wellstogo Inc., USA Golden Sun Inc., Snowflake123 LLC, and Everything Uwant LLC that shipped various products such as supplements and cosmetics. On or about April 17, 2025, defendant initiated contact with USPIS Employee A, a federal public official. Defendant advised USPIS Employee A that if USPIS Employee A permitted defendant to induct pallets with counterfeit postage into the U.S. mail stream, defendant would provide a cash payment to USPIS Employee A. USPIS is responsible for inspecting incoming pallets to identify and intercept counterfeit postage through physical screenings by postal workers at docks and automated sorting equipment.

USPIS Employee A reported the offer to law enforcement, who then directed USPIS Employee A to accept the bribe payment as part of a covert operation.

On or about May 12, 2025, defendant offered USPIS Employee A $30,000 in exchange for inducting pallets with counterfeit postage

into the U.S. mail stream, and when USPIS Employee A countered with $35,000, defendant agreed.

On or about June 9, 2025, USPIS Employee B, a federal public official, posing as USPIS Employee A, met defendant at the Los Angeles International Airport ("LAX") Post Office located at 8821 Aviation Boulevard, Inglewood, CA 90301. USPIS Employee B was operating in an undercover capacity for the purpose of receiving bribes from defendant. Defendant paid USPIS Employee B $10,000 cash for the induction of his pallets with counterfeit postage, and defendant paid an additional $25,000 after approximately a month of continued counterfeit postage induction.

On or about July 15, 2025, defendant paid USPIS Employee B $35,000 cash for the induction of pallets with counterfeit postage at the LAX Post Office.

On or about August 20, 2025, defendant paid USPIS Employee B $35,000 for the induction of pallets with counterfeit postage at the LAX Post Office.

On or about September 30, 2025, defendant paid USPIS Employee B $35,000 for the induction of pallets with counterfeit postage at the LAX Post Office.

On or about November 14, 2025, defendant paid USPIS Employee B $35,000 for the induction of pallets with counterfeit postage at the LAX Post Office.

As part of their official responsibilities, USPIS Employee A and USPIS Employee B had duties to protect the integrity of the mail system by scrutinizing the postage of incoming pallets and not negotiating or accepting payment for permitting the induction of pallets with postage they knew to be counterfeit. In total,

defendant paid $175,000 in bribes to USPIS Employee B in exchange for the induction of pallets with counterfeit postage as part of law enforcement's covert operation, resulting in a financial loss to the United States of approximately at least $26,469,953.28.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2C1.1(a)(2) |
| More than One Bribe | +2 | U.S.S.G. § 2C1.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

17. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 33 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statute of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum, and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 33 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

20. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible. Defendant further agrees that this paragraph of the

agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

| | |
|---|---|
| KALI M. YALLOURAKIS<br>Assistant United States Attorney | 8/13/2026<br>Date |
| WEIQUAN WENG<br>Defendant | 08/12/26<br>Date |
| STUART DUMAS<br>Attorney for Defendant WEIQUAN WENG | 8/12/26<br>Date |

CERTIFICATION OF DEFENDANT

This agreement has been read to me in Mandarin, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

| | |
|---|---|
| [signature] | 08/12/26 |
| WEIQUAN WENG<br>Defendant | Date |

CERTIFICATION OF INTERPRETER

I, Xuxia Bian, am fluent in the written and spoken English and Mandarin languages. I accurately translated this entire agreement from English into Mandarin to defendant WEIQUAN WENG on this date.

INTERPRETER

Date 8/12/2026

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Weiquan Weng's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

STUART DUMAS
Attorney for Defendant WEIQUAN WENG

Date 8/12/26

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WEIQUAN WENG,<br>aka "Jacky Liu,"<br><br>Defendant. | No.<br><br><u>I N F O R M A T I O N</u><br><br>[18 U.S.C. § 201(b)(1): Bribery of a Public Official; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The United States charges:

[18 U.S.C. § 201(b)(1)]

A. <u>INTRODUCTORY ALLEGATIONS</u>

At time relevant to this Information:

1. Defendant WEIQUAN WENG, also known as "Jacky Liu," owned and operated businesses, including Wellstogo Inc., USA Golden Sun Inc., Snowflake123 LLC, and Everything Uwant LLC that shipped various products such as supplements and cosmetics.

2. The United States Postal Inspection Service ("USPIS") is responsible for inspecting incoming pallets to identify and intercept counterfeit postage through physical screenings by postal workers at docks and automated sorting equipment.

3. USPIS Employee A and USPIS Employee B were federal public officials.

4. As part of their official responsibilities, USPIS Employee A and USPIS Employee B had duties to protect the integrity of the mail system by scrutinizing the postage of incoming pallets and not negotiating or accepting payment for permitting the induction of pallets with postage they knew to be counterfeit.

B. DEFENDANT ARRANGES TO BRIBE USPIS EMPLOYEE A

5. On or about April 17, 2025, defendant WENG initiated contact with USPIS Employee A. Defendant advised USPIS Employee A that if USPIS Employee A permitted defendant to induct pallets with counterfeit postage into the U.S. mail stream, defendant would provide a cash payment to USPIS Employee A.

6. USPIS Employee A reported the offer to law enforcement, who then directed USPIS Employee A to accept the bribe payment as part of a covert operation.

7. On or about May 12, 2025, defendant offered USPIS Employee A $30,000 in exchange for inducting pallets with counterfeit postage into the U.S. mail stream, and when USPIS Employee A countered with $35,000, defendant agreed.

8. On or about June 9, 2025, USPIS Employee B, posing as USPIS Employee A, met defendant at the Los Angeles International Airport ("LAX") Post Office. USPIS Employee B was operating in an undercover capacity for the purpose of receiving bribes from defendant. Defendant paid USPIS Employee B $10,000 cash for the induction of his pallets with counterfeit postage, and defendant paid an additional $25,000 after approximately a month of continued counterfeit postage induction.

9. On or about July 15, 2025, defendant paid USPIS Employee B $35,000 cash for the induction of pallets with counterfeit postage at the LAX Post Office.

10. On or about August 20, 2025, defendant paid USPIS Employee B $35,000 for the induction of pallets with counterfeit postage at the LAX Post Office.

11. On or about September 30, 2025, defendant paid USPIS Employee B $35,000 for the induction of pallets with counterfeit postage at the LAX Post Office.

12. On or about November 14, 2025, defendant paid USPIS Employee B $35,000 for the induction of pallets with counterfeit postage at the LAX Post Office.

13. In total, defendant paid $175,000 in bribes to USPIS Employee B in exchange for the induction of pallets with counterfeit postage as part of law enforcement's covert operation, resulting in a financial loss to the United States of approximately at least $26,469,953.28.

C. DEFENDANT BRIBES A PUBLIC OFFICIAL

14. On or about November 14, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant did, directly and indirectly, corruptly give, offer, and promise a thing of value, namely, $35,000, to USPIS Employee B, a federal public official, with intent to influence an official act, influence a public official to commit and aid in committing and to collude in, and allow, and to make opportunity for the commission of a fraud on the United States, and to induce a public official to do an act and omit to do an act in violation of official duty, that is, the act of inducting pallets affixed with counterfeit postage into the United

States mail stream, in violation of the official's duties, and in doing so committing a fraud on the United States by depriving the United States proper payment that would have resulted from the purchase of legitimate postage.

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

KALI M. YALLOURAKIS
Assistant United States Attorney
Major Crimes Section